Paul Mysliwiec
Special Attorney to the
Attorney General, Acting Under
Authority Conferred by 28 U.S.C. § 515
New York Bar No. 4795043
201 Third St. NW, Suite 900
Albuquerque, NM 87102
Telephone: 505-224-1411
Email: Paul.Mysliwiec@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SAMUEL MARIAN MATTIA,<br><br>　　　　　　Defendant. | CASE NO. 2:20-MJ-5106-DWF<br><br>PRELIMINARY HEARING BRIEF<br><br>Hearing Currently Scheduled For:<br>July 24, 2020, Afternoon Docket, Sacramento, California (Eastern District of California) |

　　　The United States of America, by and through its undersigned counsel, respectfully submits this Preliminary Hearing Brief to assist the Court with conducting the anticipated preliminary hearing in the matter of United States v. Mattia. The brief provides a short overview of law relating to preliminary hearings. Specifically, it reviews timing requirements, the probable cause standard of proof, evidentiary matters, and disclosures.

### I.　　TIMING OF PRELIMINARY HEARINGS

　　　Preliminary hearings generally must occur within either 14 or 21 days of initial appearance, but that time can be extended with good cause. Rule 5.1(c) states that "[t]he magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody and no later than 21 days if not in custody." Fed. R. Crim. P. 5.1. If the defendant consents, the time for a preliminary hearing can be extended upon a showing of "good cause." Fed. R. Crim. P. 5.1(d). Where the defendant does not consent, the time can still be extended upon a showing that "extraordinary circumstances exist and justice requires the delay." *Id*. The public health emergency caused by COVID-19 is an extraordinary circumstance that may justify delay to protect the

health and safety of defendants, court staff, counsel, and the public.  *Cf. United States v. Bagios*, 2011 WL 817856, at *5 (S.D. Fla. Mar. 2, 2011) (finding that extraordinary circumstances warranted delay of the preliminary hearing where the "country was experiencing one of the worst winters in recorded history"); *United States v. Furlow*, 644 F.2d 764, 768-69 (9th Cir. 1981) (finding that eruption of Mt. St. Helens justified delaying trial).

## II. THE PURPOSE OF A PRELIMINARY HEARING IS TO DETERMINE WHETHER THERE IS PROBABLE CAUSE

At a preliminary hearing, the court's task is to determine whether there is "probable cause to believe an offense has been committed and the defendant committed it." Fed. R. Crim. P. 5.1(e). In other words, "the sole objective of a preliminary hearing is to determine whether there is probable cause to believe that the accused has committed an offense[.]" *Coleman v. Burnett*, 477 F.2d 1187, 1198 (D.C. Cir. 1973). Courts routinely apply this same probable cause standard when reviewing complaints and search warrants. Probable cause requires "knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007); *see also Coleman*, 477 F.2d at 1202 ("Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt."). "Probable cause exists when there is a fair probability or substantial chance of criminal activity." *United States v. Bishop*, 264 F.3d 919, 924 (9th Cir. 2001).

To determine whether there is probable cause, courts are instructed to conduct a "totality-of-the-circumstances analysis," which includes considering "the 'veracity' and 'basis of knowledge' of persons supplying hearsay information." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "[C]onclusive evidence of guilt is of course not necessary under this standard to establish probable cause." *Lopez*, 482 F.3d at 1072. A magistrate judge presiding over a preliminary hearing can "legitimately find probable cause while personally entertaining some reservations." *Coleman*, 477 F.2d at 1202.

### III.   EVIDENTIARY MATTERS

#### A.   The Federal Rules of Evidence do not apply.

The Federal Rules of Evidence "do not apply to . . . a preliminary examination in a criminal

case." Fed. R. Evid. 1101(d)(3). The only exception is that the rules on privilege still apply. Fed. R. Evid. 1101(c). As described below, the evidence that may be presented at preliminary hearings differs in important respects from the typical rules of evidence.

### B. Hearsay is admissible.

Because the normal rules of evidence do not apply, hearsay is admissible at preliminary hearings. *See, e.g.*, *United States v. Perez*, 17 F. Supp. 3d 586, 594 (S.D. Tex. 2014). Rule 5.1, the rule governing preliminary hearings, previously contained an explicit statement that "[t]he finding of probable cause may be based upon hearsay evidence in whole or in part," but the Advisory Committee omitted that language in the 2002 amendments based on the conclusion that it was unnecessary. Adv. Committee Notes on 2002 Amendments to Fed. R. Crim P. 5.1. The Committee stated that federal law had become clear that it was appropriate to rely on hearsay at the preliminary hearing and that Fed. R. Evid. 1101 already specified that the rules of evidence did not apply. *Id.* As the Ninth Circuit has explained, the Fourth Amendment permits a determination of probable cause at a preliminary hearing based on hearsay testimony. *Peterson v. California*, 604 F.3d 1166, 1171 n.4 (9th Cir. 2010). Presentation of hearsay at a preliminary hearing also poses no Confrontation Clause problem, because the Confrontation Clause is a trial right. *Id.* at 1169-70.

### C. Suppression arguments are premature.

At a preliminary hearing, the defendant "may not object to evidence on the ground that it was unlawfully acquired." Fed. R. Crim. P. 5.1(e). Thus, a defendant may not raise arguments that evidence should be suppressed. *See, e.g.*, *Giordenello v. United States*, 357 U.S. 480, 484 (1958); *United States v. Olender*, 2000 WL 977295, at *3 (E.D. Mich. May 26, 2000).

### D. Cross-examination is limited.

Because the only purpose of the preliminary hearing is to determine probable cause, the scope of cross-examination of government witnesses is limited. "Cross-examination at a preliminary hearing, like the hearing itself, is confined by the principle that a probe into probable cause is the end and aim of the proceeding." *Coleman*, 477 F.2d at 1201. Defense counsel may not use cross-examination to go "on an impermissible quest for discovery." *Id.* For example, the Fifth Circuit upheld a magistrate judge's decision to prevent cross-examination about the identity of an informant. *United States v. Hart*, 526

F.2d 344, 344 (5th Cir. 1976). Informant identity is privileged, *see Roviaro v. United States*, 353 U.S. 53, 59 (1957), and in the Eastern District of California, only a district court may rule on a motion to pierce the informant privilege and require the identification of the informant. *See* E.D.C.A. Local Rule 302(b)(1). Likewise, cross-examination questions directed to potential suppression arguments would be outside the scope of the preliminary hearing. In addition to the special limitations for preliminary hearings, "cross-examination is properly to be limited at preliminary hearing, as at trial, to the scope of the witness' direct examination." *Coleman*, 477 F.2d at 1201.

### E. Defense subpoenas

The defendant is entitled to subpoena witnesses "whose testimony promises appreciable assistance on the issue of probable cause," as long as there is "an absence of good cause for not requiring [the witness's] presence." *Coleman*, 477 F.2d at 1205. Good cause for not requiring a witness's presence may include "physiological or psychological reasons" that make appearance unreasonable. *United States v. King*, 482 F.2d 768, 773 (D.C. Cir. 1973). Subpoenas must comply with Rule 17, including the requirement that the defense obtain a court order for any subpoenas requiring production of personal or confidential information about a victim and that the court give the victim an opportunity to move to quash the subpoena. Fed. R. Crim. P. 17. Subpoenas may not seek privileged information. *See* Fed. R. Evid. 1101(c), (d) (stating that rules on privilege apply to preliminary examinations).

## IV. DISCLOSURES REQUIRED INCIDENT TO PRELIMINARY HEARINGS

Disclosure is a natural, but collateral, effect of any preliminary hearing. A preliminary hearing "does not include discovery for the sake of discovery." *Coleman v. Burnett*, 477 F.2d 1187, 1199–200 (D.C. Cir. 1973); *see Robbins v. United States*, 476 F.2d 26, 32 (10th Cir. 1973) ("[A] preliminary hearing is not designed for the purpose of affording discovery for an accused."); *United States v. Begaye*, 236 F.R.D. 448, 454 (D. Ariz. 2006) ("[T]he rules of discovery found in Rule 16, Federal Rules of Criminal Procedure, are not applicable to preliminary hearings."). Rather, Rule 5.1 directs the parties to make certain disclosures. Specifically, the parties are required to produce the statements of the witnesses whom they call to testify at the preliminary hearing. Fed. R. Crim. P. 5.1(h), 26.2.

Statements must be produced only if they "relate[] to the subject matter of the witness's

testimony" and also fall into one of the following categories:

> (1) a written statement that the witness makes and signs, or otherwise adopts or approves;
>
> (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
>
> (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed. R. Crim. P. 26.2(f). As to the first category, a report or notes on a witness interview cannot be adopted by the witness unless the witness read them or heard them read back. *Goldberg v. United States*, 425 U.S. 94, 110–11 n.19 (1976); *United States v. Traylor*, 656 F.2d 1326, 1336 (9th Cir. 1981). As to the second category, records only qualify if they constitute a "complete recital" that is in "the witness' own words." *United States v. Bobadilla-Lopez*, 954 F.2d 519, 522 (9th Cir. 1992). Thus, interview reports are generally not required to be disclosed pursuant to Rule 26.2 unless the report writer is a testifying witness and testifies about the interview. *See United States v. Moore*, 651 F.3d 30, 75 (D.C. Cir. 2011). If items do qualify as witness statements, they must be turned over "[a]fter a witness . . . has testified on direct examination." Fed. R. Crim. P. 26.2(a); *see United States v. Mills*, 641 F.2d 785, 789-90 (9th Cir. 1981) (holding that "no statement of a government witness is discoverable until the witness has testified on direct examination").

## V.   CONCLUSION

The foregoing is a summary of legal issues relating to preliminary hearings. Should any issue arise that has not been covered in this brief, the government respectfully requests leave to submit such further memoranda as may be necessary.

Respectfully submitted,

*Electronically filed July 16, 2020*
PAUL J. MYSLIWIEC
Special Attorney to the Attorney General
Acting Under Authority Conferred by
28 U.S.C. § 515
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274